NOT FOR PUBLICATION

FILED

JAN 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMUD ALI,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General

Respondent.

No.    17-72581

Agency No.
A209-156-182

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2019[**]
Pasadena, California

Before:  TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[***] District
Judge.

Mohamud Ali, a native and citizen of Somalia, petitions for review of an

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture.[1] We deny the petition for review because substantial evidence supports the agency's adverse credibility determination.

Ali claims that he fears persecution in Somalia because he is a member of the Ajuran clan, a minority clan. He alleges that the Marehan clan, the predominant clan in Ali's hometown, regularly insults and attacks Ajuran clan members. Ali claims that Marehan clan members have attacked him at least once but possibly as many as three times. He also fears persecution in Somalia because of the Al-Shabaab terrorist group, which has allegedly threatened Ali's life at least once. Ali provided inconsistent testimony regarding the number and extent of the attacks and threats by the Marehan clan and the Al-Shabaab. He further provided inconsistent testimony regarding the details of his encounters with Marehan clan members and the Al-Shabaab. Finally, Ali provided inconsistent details regarding his journey from Somalia to the United States. Given all of these inconsistencies, we cannot say on this record that the IJ and BIA lacked a basis for their adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (discussing inconsistencies as a basis for an adverse credibility determination).

**PETITION FOR REVIEW DENIED.**

---

[1] By not raising the issue in his opening brief, Ali waived any arguments related to the denial of protection under the Convention Against Torture.